UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

v.

KARANVEER SINGH,
[FIRST NAME UNKNOWN] PREETI,
[FIRST NAME UNKNOWN] SUSHMA,
RAHUL VASHIST,
HARKEWAL SINGH DHUMI, and
ANMOL VIRK
Defendants.

Case No. 2:26-mj-00207-1, 2, 3, 4, 5, 6

**MOTION FOR DETENTION**

The United States of America moves for the pretrial detention of the above-named defendants pursuant to 18 U.S.C. § 3142(e) and (f).

1. Eligibility for Detention. The defendants are eligible for detention because the case involves a serious risk that defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A).

2. Reason For Detention. The Court should detain the defendants because there are no conditions of release that will reasonably assure the defendants' appearances as required.

3. Rebuttable Presumption. No rebuttable presumption applies in this matter.

4. Time For Detention Hearing. The United States requests the Court conduct the detention hearing upon completion of the pretrial services reports.

5. Argument for Detention. The factual basis supporting this charge is outlined in the affidavit supporting the criminal complaint. Starting at 4:30 a.m. on October 25, 2026, border patrol agents observed a large group of individuals being dropped off at a location near the U.S./Canada international border and then walk across the border on foot. This group of individuals was observed crossing the international border as they walked to a residential driveway

of an address on Alburgh Springs Road in Vermont, where they started to enter an awaiting GMC Denali SUV with Florida license plates. The driver of the vehicle, Bhanu PARTAP, later admitted that he had agreed to meet up with an individual and provide transportation in exchange for money, though PARTAP contended that he only planned to pick up one person. The group that met PARTAP included Karanveer Singh (SINGH), a citizen of India, FNU Preeti (PREETI), a citizen of India, FNU Sushma (SUSHMA), a citizen of India, Rahul Vashist (VASHIST), a citizen of India, Harkewal Singh Dhumi (DHUMI), a citizen of India, and Anmol Virk (VIRK), along with an Irish family with a one-year-old in tow.

The defendants are not citizens of the United States. The circumstances of the arrests indicate that they have access to, and have used, a network that facilitates illegal border crossings. The defendants have an incentive to use that network based on the charges. Thus, the circumstances of the offense, under 18 U.S.C. § 3142(g)(1), strongly indicate the sort of flight risk that is posed by release. The weight of the evidence, under 18 U.S.C. § 3142(g)(2), counsels in favor of pretrial detention, as the violation can be demonstrated by testimony of border patrol agents. There are no relevant ties to Vermont and many ties overseas under 18 U.S.C. § 3142(g)(3), again counseling in favor of detention. The United States is not arguing for dangerousness under 18 U.S.C. § 3142(g)(4).

For the foregoing reasons, the government submits there is no condition or set of conditions that can assure the defendants' appearances as required. The government respectfully requests that the Court detain the defendants.

[SIGNATURE ON NEXT PAGE]

Dated at Burlington, in the District of Vermont, October 26, 2026.

Respectfully submitted,

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

By: /s/ *Dana Hill*
DANA HILL
Assistant U.S. Attorney
11 Elmwood Avenue, 3rd Floor
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Dana.Hill@usdoj.gov